TRUYOL v. THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of Guayama.

No. 130.—Decided November 26, 1912.

PROPERTY OF CONJUGAL PARTNERSHIP—MORTGAGE RECORDED IN NAME OF WIFE—SOURCE OF FUNDS OF WIFE—PRESUMPTION.—It appearing from the records of the registry of property that a mortgage credit was acquired by the wife during her marriage and the records of said registry not showing the source of the money given on the mortgage, it must be presumed that said mortgage credit has the character of property of the conjugal partnership according to sections 1316 and 1322 of the Revised Civil Code.

ID.—MORTGAGE RECORDED IN NAME OF WIFE—PRESUMPTION—SOURCE OF FUNDS OF WIFE.—As a mortgage acquired by the wife during marriage, with no showing in the registry as to the source of the funds with which she acquired it,

is presumed to be community property, the record of said mortgage in the registry in the name of the wife should be considered as in favor of the conjugal partnership and not in favor of the wife alone, for the record does not show that said mortgage is her private property, nor is she the exclusive owner of half of the credit until the conjugal partnership with her husband is dissolved and liquidated.

ID. — DEBTS CONTRACTED DURING MARRIAGE — ATTACHMENT — COMMUNITY PROPERTY—MORTGAGE RECORDED IN NAME OF WIFE.—According to paragraph 1 of section 1323 of the Revised Civil Code the property of the conjugal partnership shall be liable for debts and obligations contracted by the husband during the marriage and also for debts contracted by the wife in the cases in which she can legally bind the partnership; therefore an attachment granted in an action against the husband to recover debts and obligations contracted by him during the marriage may be entered in the registry on a mortgage credit recorded in the name of the wife alone and considered as community property because the source of the money given on the mortgage is not shown, for the record of said mortgage credit in the name of the wife cannot be considered as a record in favor of a person distinct from the husband but as in favor of the conjugal partnership.

The facts are stated in the opinion.

*Mr. C. Domínguez Rubio* for the appellant.

The respondent appeared *per se*.

MR. JUSTICE ALDREY delivered the opinion of the court.

For the purpose of securing the effectiveness of the judgment rendered in a suit brought by Miguel Truyol Borges against Alberto E. Vázquez to recover a sum of money, the marshal of the court where the case was tried issued a certificate to the effect that he had levied an attachment on a voluntary mortgage constituted in favor of Emilia López de Haro, wife of Alberto E. Vázquez.

Upon presentation of the certificate in the Registry of Property of Guayama the registrar refused to admit it to record "because the mortgage attached was recorded in favor of Emilia López de Haro personally," and in lieu of the record he entered a cautionary notice relative to his refusal. From this refusal of the registrar the plaintiff, Miguel Truyol Borges, has taken this appeal within the time fixed by law.

According to the report of the registrar, record 8 of property No. 77 of volume 2 of Guayama, folios 184 to 184, over,

shows a voluntary mortgage constituted on said property in favor of Emilia López, wife of Alberto Vázquez.

Naturally, if the books of the registry of property show that Emilia López de Haro acquired said mortgage credit when she was the wife of Alberto Vázquez and they fail to state the source of the money given on the mortgage, it must be presumed that such credit is the property of the conjugal partnership, according to the provisions of sections 1316 and 1322 of the Revised Civil Code which have been applied by this court in the following cases: *Parra* v. *Registrar,* II. S. P. R., 592; *Blanco* v. *Registrar,* 5 P. R. R., 52; *Trilla* v. *Smith et al.,* 7 P. R. R., 14; *Escalona* v. *Registrar,* 9 P. R. R., 523; *Dooley* v. *Registrar,* 12 P. R. R., 202; *Despres* v. *Registrar,* 14 P. R. R., 603; *Boscio et al.* v. *Registrar,* 14 P. R. R., 605; *Cot* v. *Registrar,* 15 P. R. R., 470; *Feliú* v. *Registrar,* 16 P. R. R., 728.

From the foregoing the question arises as to whether in order to respond for the husband's debts an attachment levied on property recorded in favor of the wife as community property may be entered in the registry of property.

Although the attached mortgage credit herein involved appears recorded in the name of the wife it being a part of the community property, such record should be considered as having been made in the name of the conjugal partnership and not in the wife's name alone, for she is not the exclusive owner of such property nor of one-half of the credit for the reason that she does not become the owner of one-half of the net amount of the property until the conjugal partnership with her husband is dissolved and liquidated. (See the decisions of the General Directorate of Registries of December 2, 1899; April 5, 1893; June 7, 1894; February 18, 1896, and April 29, 1902.)

In the case of *Vivaldi* v. *Mariani,* 10 P. R. R., 420, wherein both spouses were sued and which has been cited and indorsed in the case of *Succession of Garcia* v. *The Registrar of Property,* 16 P. R. R., 742, this court held that the provisions of

section 1323 of the Revised Civil Code, according to which the property of the conjugal partnership is liable for the debts and obligations contracted during the marriage by the husband, are not limited by section 1328 of the said code, which requires the express consent of the wife so that the husband may donate, convey, or bind the real estate of the conjugal partnership, and that it is possible to harmonize these sections, for when it is declared that the husband has contracted an obligation during the marriage no act has been done by the husband which he is prohibited from doing without the express consent of his wife, because the law requires that both parties to the conjugal partnership shall respond with all the property belonging thereto.

Therefore the said mortgage credit being the property of the conjugal partnership and, according to paragraph 1 of section 1323 of the Revised Civil Code, the conjugal partnership is liable for the debts and obligations contracted during the marriage by the husband, and also for those contracted by the wife in the cases in which she can legally bind the partnership, it is obvious that if it is sought to record an attachment upon that mortgage credit the wife cannot be considered as a distinct person where it is sought to collect from the husband debts contracted during the marriage. (See the decisions of the General Directorate of Registries of September 22, 1904, and September 20, 1907.)

Therefore, inasmuch as the only ground upon which the registrar founded his refusal to record the attachment is inadmissible, the cautionary notice entered by him is hereby revoked and he is directed to record the attachment.

*Reversed.*

Chief Justice Hernández and Justices MacLeary, Wolf and del Toro concurred.